IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ D.C.
05 APR 18 PM 1:21
ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN-JACKSON

| | |
|---|---|
| NAT BARKLEY as Next Friend of Hadie Alsup, an incapacitated person, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) No. 04-1344-T/An |
| KINDRED HEALTHCARE, INC.; ET AL., | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

Plaintiff Nat Barkley, as the Next Friend of Hadie Alsup, originally filed this action in the Circuit Court of Hardeman County, Tennessee, on November 12, 2004. An amended complaint was filed on November 29, 2004. The defendants removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441 *et seq.*, arguing that the non-diverse defendant was fraudulently joined. Plaintiff filed a motion to remand the action to state court on January 28, 2005. Defendants filed a response on February 14, 2005. The Court subsequently granted leave for plaintiff to file a reply brief.

This case involves allegations of negligence, gross negligence, medical malpractice, willful, wanton, reckless, malicious and intentional conduct, and violation of the Tennessee Adult Protection Act, Tenn. Code Ann. § 71-6-101 *et seq.* arising out of alleged personal

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 4|20|05

injuries suffered by Hadie Alsup during the time she was a resident of Pine Meadows Healthcare and Rehabilitation Center, from September 2000 until November 8, 2004. The amended complaint asserts no claims under federal law. The defendants are Kindred Healthcare, Inc., Kindred Nursing Center Limited Partnership d/b/a Pine Meadows Healthcare and Rehabilitation Center, Kindred Healthcare Services, Inc., Kindred Healthcare Operating, Inc., and Larry W. Shrader, in his capacity as the Administrator of Pine Meadows. Both the plaintiff and Shrader are residents of Tennessee.

Under 28 U.S.C. § 1441, in the absence of federal question jurisdiction, a civil action filed in a state court may be removed if the federal district court would have had original jurisdiction and in addition, "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b). Thus, on the face of the complaint, diversity of citizenship is lacking in this case. However, the defendants contend that there are no specific factual allegations of negligence or other tortious acts against Shrader individually. Therefore, defendants argue that Shrader was fraudulently joined, so that his presence in this action cannot defeat diversity jurisdiction. As the removing parties, the burden of establishing fraudulent joinder and the presence of federal jurisdiction, which is a heavy one, is upon the defendants. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948-49 (6th Cir. 1994); Mills v. Electronic Data Sys. Corp., 986 F. Supp. 437, 439 (E.D. Mich. 1997).

In Alexander, the Sixth Circuit held that a defendant can establish fraudulent joinder

2

by showing that there is no "reasonable basis for predicting that the state law might impose liability on the facts involved." 13 F.3d at 949 (quoting Bobby Jones Garden Apts., Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968)); see also Winburn v. Liberty Mut. Ins. Co., 933 F. Supp. 664, 666 (E.D. Ky. 1996); Ludwig v. Learjet, Inc., 830 F. Supp. 995, 998 (E.D. Mich. 1993). "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the case must be remanded to state court. Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999); Jerome-Duncan, Inc. v. Auto-By-Tel L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). Any disputed questions of fact, or ambiguities in the controlling state law must be resolved in favor of the non-removing party. Alexander, 13 F.3d at 949 (citing Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990)).

In this case, plaintiff alleges that Shrader, as a licensed nursing home administrator, breached his duty of reasonable care by failing to ensure that appropriate care and services were provided to, and failing to prevent the neglect of, Ms. Alsup. Plaintiff alleges that this breach of reasonable care included the failure to train and supervise nurses and nurses' aides and failure to hire sufficient nurses and nurses' aides. As a result of this failure, Ms. Alsup allegedly was not given the care she required. The amended complaint sets out, in detail, various acts and omissions that allegedly constituted negligence on the part of Shrader.

The defendants first argue that, under Tennessee law, a manager may not be held vicariously liable under the doctrine of *respondeat superior* for the acts of an employee,

3

citing Parker v. Vanderbilt Univ., 767 S.W.2d 412 (Tenn. Ct. App. 1988). In Parker, the Tennessee Court of Appeals held that the hospital's Chief of Anesthesiology, Dr. Alcantara, could not be held vicariously liable for the negligent acts of a nurse anesthetist working under protocols that Dr. Alcantara had developed. The complaint had alleged no acts of negligence by Dr. Alcantara himself, he was not present in the operating room during the operation in question, and did not oversee or direct the nurse anesthetist's actions. Id. at 416-17. However, the Court of Appeals recognized that a supervisor could be held liable "if his personal negligence . . . was the efficient cause or a coefficient cause of the injury." Id. at 418 (quoting Brown & Sons Lumber Co. v. Sessler, 163 S.W. 812, 813-814 (Tenn. 1914)).

The defendants contend that there is "no substantive difference" between the position of Dr. Alcantara in Parker and defendant Shrader in this case. Defendants argue that plaintiff has alleged no personal acts of negligence against Shrader, merely "passive" allegations of negligence against him in his capacity as an administrator. The Court disagrees. Plaintiff's amended complaint does, in fact, contain allegations of personal negligence by defendant Shrader. Among other acts and omissions, plaintiff alleges that Shrader failed to adequately supervise, train and evaluate the Pine Meadow nursing staff so as to ensure that Ms. Alsup was adequately cared for, failed to assign duties to the Pine Meadow nursing staff consistent with their education and experience and Ms. Alsup's needs, and failed to hire sufficient nursing staff to adequately meet Ms. Alsup's needs. (Amended

4

Compl. ¶ 46.)

Defendants also contend that plaintiff is attempting to allege a cause of action pursuant to certain Tennessee statutes and regulations governing nursing home administrators. Defendants argue that these statutes and regulations do not create a private right of action under Tennessee law. However, the Court finds nothing in the portion of the amended complaint setting out the cause of action against Shrader to indicate that plaintiff is attempting to assert any such private right of action. On the contrary, plaintiff's cause of action is clearly designated as negligence. Plaintiff contends that the statutes and regulations in question, with which Shrader is required to comply, establish a duty and a standard of conduct for nursing home administrators.

The Court has found no reported Tennessee cases, and the parties have cited none, addressing the duty of care that a nursing home administrator owes to the facility's residents. Nevertheless, the Court is unwilling to conclude that there is no reasonable basis for the Tennessee courts to hold that a nursing home administrator owes a duty to the residents of that facility to provide adequate care through compliance with applicable statutes and regulations. Consequently, the Court finds that there is a colorable basis for predicting that the plaintiff could recover against Shrader, and that he was not fraudulently joined.[1]

Plaintiff's motion to remand is GRANTED and this case is hereby REMANDED to the Circuit Court of Hardeman County, Tennessee, at Bolivar. The Clerk of Court is

---

[1] Given this ruling, it is unnecessary to address plaintiff's contention that violation of the applicable statutes and regulations also may constitute negligence per se.

5

directed to prepare a judgment accordingly.

The Court also notes that on April 6, 2005, plaintiff filed a motion to reconsider and/or appeal the Magistrate Judge's partial denial of his motion to file a second amended complaint. The determination of whether the Magistrate Judge's ruling should be modified will be deferred to the state court.

IT IS SO ORDERED.

*[signature: James D. Todd]*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

18 April 2005
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 1:04-CV-01344 was distributed by fax, mail, or direct printing on April 20, 2005 to the parties listed.

---

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Linda Fulghum
Hardeman County Courthouse
100 N. Main
Bolivar, TN 38008

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Honorable James Todd
US DISTRICT COURT